Matter of Alyssa X. (Joshua X.) (2020 NY Slip Op 02694)





Matter of Alyssa X. (Joshua X.)


2020 NY Slip Op 02694


Decided on May 7, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 7, 2020

529076

[*1]In the Matter of Alyssa X. and Another, Alleged to be Neglected Children. Sullivan County Department of Social Services, Respondent; Joshua X., Appellant.

Calendar Date: March 26, 2020

Before: Garry, P.J., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ. 


Cliff Gordon, Monticello, for appellant.
Sullivan County Department of Social Services, Monticello (Constantina Hart of counsel), for respondent.
Marcia Heller, Rock Hill, attorney for the children.



Clark, J.
Appeal from an order of the Family Court of Sullivan County (McGuire, J.), entered April 30, 2019, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate the subject children to be neglected.
Respondent is the father of two children (born in 2014 and 2016). In the fall of 2018, petitioner received and investigated a hotline call reporting that, while in the presence of the children, respondent assaulted and inflicted serious physical injury upon the children's mother. Petitioner thereafter commenced this neglect proceeding against respondent, alleging that he failed to exercise a minimum degree of care in supplying the children with proper supervision and guardianship, thereby resulting in the children's physical, mental and emotional conditions being impaired or placed in imminent danger of becoming impaired. Following a hearing, in an order entered in April 2019, Family Court adjudicated the children to have been neglected by respondent, concluding that he had "exposed the children to mental and emotional trauma when he physically assaulted their [m]other" in their presence and then took them from the home, leaving the mother injured and nonresponsive. The court also issued a two-year order of protection — annexed to and made part of the April 2019 order — that directed respondent to, among other things, stay away from the mother and the children except for the purposes of exercising supervised parenting time and electronically communicating with the children. In the context of a modification petition filed by the mother and heard together with the neglect petition underlying this proceeding, Family Court directed that the father have biweekly supervised parenting time with the children, as well as "electronic communication" three times per week. Respondent appeals.
Respondent solely challenges the amount of supervised parenting time provided to him by Family Court. However, this challenge is not properly raised within the context of respondent's appeal from the April 2019 order adjudicating him to have neglected the children, as that order does not contain a provision regarding respondent's parenting time with the children. Rather, the parenting time provision with which respondent takes issue is included in Family Court's order resolving the mother's custody modification petition, which is the subject of a related appeal pending before this Court (Matter of Nicole Y. v Joshua X., ___ AD3d ___ [decided herewith]). Accordingly, as respondent does not raise any arguments relating to Family Court's April 2019 order adjudicating him to have neglected the children, there is no basis upon which to disturb it.
Garry, P.J., Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, without costs.